IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

QUALON EUGENE HAWKINS, )
 )
      Petitioner, )
 )
v. ) Case No. CIV-09-1070-M
 )
MIKE ADDISON - WARDEN, )
 )
      Respondent. )

**REPORT AND RECOMMENDATION**

Mr. Qualon Hawkins is a state inmate requesting issuance of a writ of habeas corpus. The Court should deny the request.

I.    BACKGROUND

In state court Mr. Hawkins was convicted of trafficking in cocaine base and sentenced to life imprisonment without the possibility of parole. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Sept. 29, 2009) ("Petition"). On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") upheld the conviction and sentence. *See id.* at p. 2.

II.    STANDARD OF HABEAS REVIEW

The applicable standard turns on how the state appellate court had treated the underlying issue. If the OCCA had ruled on the merits, the federal district court bears a "'secondary and limited'" role. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

A.  The OCCA's Resolution of the Claims

The Petitioner alleges:

- insufficiency of the evidence to support the conviction,

- constitutional infirmity of the underlying statute,

- inequality in the statutory treatment of offenses involving cocaine base and cocaine powder,

- failure to instruct the jury on the unavailability of credits, and

- excessiveness of the sentence.

Petition at pp. 6-13. The OCCA rejected all of these claims on the merits. *Hawkins v. State*, Case No. F-2007-455, slip op., *passim* (Okla. Crim. App. July 2, 2008) ("OCCA Opinion on Direct Appeal").

B.  Standard of Review in Light of the OCCA's Decision on the Merits

Because the OCCA resolved the issues on the merits, the federal district court must apply a deferential standard of review. *See infra* pp. 2-4.

Legal Determinations

For legal determinations, the federal court considers only whether the state appeals court's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1).

The threshold issue is whether Supreme Court case law clearly establishes the constitutional protection underlying the Petitioner's claim.[1] "A legal principle is 'clearly established' . . . only when it is embodied in a holding of [the Supreme Court]." *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 2010 WL 596511, Westlaw op. at 3 (Feb. 22, 2010). In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law." *House v. Hatch*, 527 F.3d 1010, 1017 (10th Cir. 2008), *cert. denied*, __ U.S. __, 129 S. Ct. 1345 (2009).

If the underlying constitutional right is clearly established, the federal district court must consider whether the state court decision was contrary to Supreme Court precedent.[2] These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

---

[1] *See Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 2010 WL 596511, Westlaw op. at 4 (Feb. 22, 2010) (reversing on grounds that "no decision of this Court clearly establishes the categorical rule on which the Court of Appeals appears to have relied"); *see also House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)."), *cert. denied*, __ U.S. __, 129 S. Ct. 1345 (2009).

[2] *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008) ("If there is clearly established federal law, we then consider whether the state court decision was contrary to or involved an unreasonable application of it." (citation omitted)).

If these circumstances are absent, the federal district court must determine whether the state court decision had involved an unreasonable application of Supreme Court precedent. *See supra* p. 3 & note 2 (quoting *Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008)). Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008), *cert. denied*, __ U.S. __, 129 S. Ct. 1345 (2009). If prior Supreme Court cases do not "clear[ly] answer . . . the question presented," the habeas court cannot regard the application of federal case law as unreasonable. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (*per curiam*) (citation omitted).

### Factual Determinations

When factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented." AEDPA, 28 U.S.C. § 2254(d)(2).

## III. SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient for the conviction involving drug trafficking. The OCCA rejected Mr. Hawkins' theory on direct appeal,[3] and this determination involved a reasonable application of Supreme Court precedents and the evidence.

---

[3] OCCA Opinion on Direct Appeal at pp. 2-3; *see supra* p. 2.

4

A.     The Applicable Standard and Elements Required to Support the Conviction

Determination of the sufficiency of evidence presents a legal issue.[4]  As a result, the threshold issue is whether the underlying constitutional right has been "clearly established" under Supreme Court precedents.  *See supra* pp. 2-3.  The federal district court should answer in the affirmative, as the Supreme Court clearly established the underlying constitutional right in *Jackson v. Virginia*, 443 U.S. 307 (1979).[5]

In light of the clearly established constitutional right, the federal district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In light of the flexible nature of the standard, the federal court gives an "'additional degree

---

[4]     The sufficiency of the evidence can present "a mixed question of law and fact," involving the correctness of the state court's factual findings and application of the law to the facts.  *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006) (citations omitted).  Here, however, Mr. Hawkins has not questioned any of the OCCA's factual findings.  Instead, Mr. Hawkins challenges the reasonableness of the jury's findings based on the prosecutor's burden to show that the drugs were Mr. Hawkins'.  Reply/Traverse to Response to Petition for Writ of Habeas Corpus at pp. 1-2 (Dec. 1, 2009) ("Petitioner's Reply").  This inquiry involves a matter of law rather than fact.  *See Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (holding that sufficiency of the evidence involved "a legal question" because the petitioner had challenged the reasonableness of the OCCA's conclusion rather than the correctness of any of the OCCA's factual findings).

[5]     *See Johnson v. Mullin*, 505 F.3d 1128, 1134 (10th Cir. 2007) ("The controlling standard for insufficient evidence claims asserted by state habeas petitioners was established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)."); *see also Shobe v. McKune*, 276 Fed. Appx. 854, 857 (10th Cir. May 7, 2008) (unpublished op.) ("The 'clearly established federal law' applicable to this [habeas] claim under 28 U.S.C. 2254(d)(1) is the Supreme Court's decision in *Jackson v. Virginia* . . . ."), *cert. denied*, __ U.S. __, 129 S. Ct. 420 (2008).

5

of deference to state courts' resolution of sufficiency of the evidence.'" *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citation omitted).

Mr. Hawkins challenges the sufficiency of the evidence to support his conviction for drug trafficking, alleging that a codefendant's testimony was "insufficient to sustain the conviction." Petition at p. 6.

The OCCA rejected Mr. Hawkins' sufficiency of the evidence claim. OCCA Opinion on Direct Appeal at pp. 2-3; *see supra* p. 2. Thus, the dispositive question "'is whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard.'" *Diestel v. Hines*, 506 F.3d at 1267 (citation omitted).

Under *Jackson*, the standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979). Therefore, the Court must consider Oklahoma law in connection with the habeas claim.

Under state law, the prosecutor had to prove that Mr. Hawkins:

- knowingly
- possessed
- at least five grams of cocaine base.

*See* Okla. Stat. tit. 63 § 2-415(B)(1), (C)(7)(a) (2004 supp.); OUJI-CR 6-13 (2d ed.).

At trial, codefendant Natasha Purnell testified that Mr. Hawkins had owned the camera bag in which the drugs were found. Transcript of Jury Trial, Vol. 3 at p. 7, *State v. Hawkins*, Case No. CF-2005-4645 (Okla. Co. Dist. Ct. Apr. 25. 2007) ("Trial Tr. Vol. 3").

Mr. Hawkins argues that Ms. Purnell's testimony was insufficient to prove guilt. Petition at p. 6; Petitioner's Reply at p. 1. The OCCA's rejection of this claim was reasonable.

B. The Evidence Presented at Trial

Mr. Hawkins argues that insufficient evidence existed regarding his knowing possession of at least five grams of cocaine base:

> The evidence tying [him] to the drugs [was] predominately circumstantial and also completely speculative. Mr. Hawkins was a front seat passenger in the car belonging to Natasha Purnell, but it was never even demonstrated that he could even reach the camera bag in the back seat where the drugs was [sic] found. His co-defendant . . . testified that [the camera bag] belonged to Mr. Hawkins which is insufficient to sustain the conviction.

Petition at p. 6. This argument is invalid because:

- circumstantial evidence could suffice for guilt,

- the State could prove possession through evidence of Mr. Hawkins' ownership of the bag containing the drugs, and

- the State elicited evidence of a confession by Mr. Hawkins.

First, Mr. Hawkins argues that the evidence tying him to the drugs was "predominately circumstantial and also completely speculative." *Id.* But under Oklahoma law, "[a] defendant's knowledge and intent can be proved by circumstantial evidence." *Hill v. State*, 898 P.2d 155, 166 (Okla. Crim. App. 1995) (citation omitted).

7

Second, the State did not need to prove that Mr. Hawkins could reach the bag from his position in the front seat. Instead, the State could prove possession through evidence of Mr. Hawkins' ownership of the camera bag.[6]

Ms. Purnell testified that the bag containing the drugs belonged to Mr. Hawkins. *See supra* pp. 6-7. At trial, the following exchange occurred:

> PROSECUTOR: All right. How did [Mr. Hawkins] get in your car?
>
> MS. PURNELL: I picked him up.
>
> . . . .
>
> PROSECUTOR: All right. And when you picked him up at the motel where - - well, did he bring anything with him?
>
> MS. PURNELL: A camera bag.

Trial Tr. Vol. 3 at p. 7.

The witness was then shown State's Exhibit 1, which had previously been identified as the camera bag containing the drugs. *Id.*[7] Ms. Purnell confirmed that this bag was the one which Mr. Hawkins had brought. *Id.*

---

[6] *See United States v. Cardinas Garcia*, __ F.3d __, 2010 WL 611969 (10th Cir. Feb. 23, 2010) (to be published) (testimony which supplied direct evidence regarding the defendant's ownership of a drug was sufficient for the conviction).

[7] Lieutenant Scott Cannon identified State's Exhibit 1 as the bag which had contained the cocaine base. Transcript of Jury Trial, Vol. 2 at pp. 17-19, *State v. Hawkins*, Case No. CF-2005-4645 (Okla. Co. Dist. Ct. Apr. 24, 2007).

Finally, the State presented evidence that Mr. Hawkins had signed a statement acknowledging responsibility for the trafficking charges filed against Ms. Purnell. State's Exhibit 6, Trial Tr. Vol. 3 at pp. 10-14.

The federal district court should uphold the OCCA's resolution of the issue in light of Ms. Purnell's testimony, the presence of circumstantial evidence, testimony that Mr. Hawkins had brought the drugs with him, and evidence of a confession. In considering the issue, the OCCA did not:

- act unreasonably in determining the facts in light of the evidence,
- say anything contrary to a Supreme Court precedent, or
- act unreasonably in the application of Supreme Court precedents.

*See supra* pp. 2-4.

IV.  INEQUALITY IN THE STATUTE UNDERLYING THE CONVICTION

Mr. Hawkins was convicted of trafficking in illegal drugs (cocaine base) in violation of Okla. Stat. tit. 63 § 2-415. *See supra* p. 1. Guilt under this section requires possession of at least five grams of cocaine base. Okla. Stat. tit. 63 § 2-415(C)(7)(a) (2004 supp.); *see supra* p. 6. The Petitioner challenges the constitutionality of this statute, arguing that it has a disparate impact on minorities and the poor. Petition at pp. 7-8. The claim should fail regardless of whether it is viewed as a legal or factual challenge.

If the Court were to view the claim as a legal challenge, the threshold issue would be the existence of a Supreme Court pronouncement on the issue. *See supra* pp. 2-3. That

Court has never held that state laws deny equal protection when they treat cocaine base and cocaine powder differently in connection with a charge of drug trafficking. In the absence of a Supreme Court pronouncement in this area, the federal district court cannot regard the underlying constitutional basis of the claim as "clearly established." *See House v. Hatch*, 527 F.3d 1010, 1020-22 (10th Cir. 2008), *cert. denied*, __ U.S. __, 129 S. Ct. 1345 (2009).[8] As a result, the claim would fail if it were viewed as a legal challenge. *See Ezell v. Mullin*, Case No. 03-CV-048-TCK-PJC (N.D. Okla. July 17, 2006) (unpublished op.).[9]

---

[8] In *House v. Hatch*, the petitioner claimed that the state district court had committed an equal protection violation when it transferred venue without conducting any voir dire. *See House v. Hatch*, 527 F.3d at 1020. The petitioner argued that a clearly established right had existed in light of the Supreme Court's general recognition of a right to equal protection in all stages of the criminal proceedings, including the selection of venue. *See id*. The Tenth Circuit Court of Appeals rejected the claim based on the absence of Supreme Court authority addressing an equal protection theory in the context of a decision to transfer venue. *Id*. at 1021. The court explained:

> No Supreme Court case holds that venue transfers are subject to scrutiny under the Equal Protection Clause. Absent controlling Supreme Court precedent, it follows ineluctably that the New Mexico Supreme Court's decision to uphold the venue transfer cannot be either "contrary to, or [] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

*Id*.

[9] In *Ezell v. Mullin*, the Northern District of Oklahoma addressed a virtually identical equal protection challenge to the disparity between offenders dealing in cocaine base and cocaine powder. *See Ezell v. Mullin*, Case No. 03-CV-048-TCK-PJC (N.D. Okla. July 17, 2006) (unpublished op.). The court rejected the challenge, explaining:

> As to Petitioner's challenge to the trafficking statute based on equal protection grounds, the Court finds no basis for habeas corpus relief under § 2254(d). Section 2-415 of Title 63 recognizes the intent of the Oklahoma legislature "that those who possess [a drug in excess of a specified amount] deserve a stiff punishment." Petitioner does not allege that federal law prohibits imposing increasingly severe sentences as the amount of cocaine base involved increases. Therefore, the Court finds that Petitioner has failed to establish that the OCCA's

The same is true if the federal district court were to treat the claim as a factual challenge to the OCCA's decision.

The OCCA rejected the equal protection claim based on a lack of evidence and harm:

> First, Hawkins has not provided us with any evidence that Oklahoma's trafficking statute has a disparate impact on minority or low income citizens. Second, and more importantly, he has not shown how he was harmed. Generally, a person cannot challenge the constitutionality of a statute unless he is adversely affected. When arrested, Hawkins had 37.47 grams of cocaine base, an amount greater than that required to support a charge or conviction for trafficking in powder cocaine (28 grams). For that reason, the differentiation in quantities required for trafficking in cocaine and cocaine base had no impact in this case. There is also no disparity in punishment between trafficking in cocaine base and trafficking in powder cocaine after two former convictions of drug felonies; both carry a mandatory sentence of life in prison without the possibility of parole. Because the charge and punishment were the same in this case regardless of the type of cocaine involved, Hawkins has not shown he was adversely affected by the differentiation in quantities required for trafficking in cocaine and cocaine base under § 2-415. Hence, his claim must fail.

OCCA Opinion on Direct Appeal at pp. 4-5 (citation omitted).

If the Court were to view the habeas claim as a factual challenge, the inquiry would be whether the OCCA's conclusion involved a reasonable determination of the facts in light of the evidence presented. *See supra* p. 4 (discussing 28 U.S.C. § 2254(d)(2)).

---

resolution of this claim was contrary to or an unreasonable application of federal law, and he is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

*Id.* at 10 (citation omitted). The Tenth Circuit Court of Appeals upheld this decision, adding that its correctness was not subject to reasonable debate. *Ezell v. Mullin*, 201 Fed. Appx. 599, 602 (10th Cir. Oct. 18, 2006) (unpublished op.).

Even under the Petitioner's view of the historical facts, the OCCA's conclusion would appear reasonable based on the evidence presented in state court.[10] As the OCCA noted, Mr. Hawkins would not have suffered any harm from the alleged inequity in the statute because: (1) he would have been guilty of trafficking even if the State would have had to prove the greater weights for cocaine powder; and (2) there was no evidence in the state court record to suggest that a disproportionate percentage of offenders in cocaine base were members of a disadvantaged segment of society such as the minority or the poor. *See supra* p. 11.[11]

---

[10] Mr. Hawkins has not requested an opportunity to present new evidence in the current proceedings. Even if the Court were to entertain new evidence here, however, the issue would involve the reasonableness of the OCCA's decision based on the evidence presented in state court. *See supra* p. 4 (discussing 28 U.S.C. § 2254(d)(2)); *see also Pinholster v. Ayers*, 590 F.3d 651, 666 (9th Cir. 2009) (*en banc*; *dicta*) ("when a petitioner challenges a state habeas court's *factual* conclusions, the relevant evidence is restricted to that presented to the state habeas court" (emphasis in original)), *petition for cert. filed* (U.S. Mar. 9, 2010).

[11] In his reply brief, Mr. Hawkins relies on *Kimbrough v. United States*, 552 U.S. 85 (2007), for the proposition that his sentence should be reduced based on a disparity in the state statute. Petitioner's Reply at p. 3. This reliance is misguided. In *Kimbrough*, the Supreme Court held that when considering the federal sentencing guidelines, the trial court can consider the disparate treatment for crack and powder to conclude that the guideline range would result in a sentence greater than necessary to achieve sentencing goals. *Kimbrough v. United States*, 552 U.S. 85, 109-111 (2007). The issue there did not involve a claim involving the Equal Protection Clause. *See id.* Thus, courts have continued to reject equal protection claims based on sentencing disparities after *Kimbrough*. *See United States v. Jackson*, 322 Fed. Appx. 679, 682 (11th Cir. Mar. 31, 2009) (unpublished op.; *per curiam*) ("we previously have rejected the argument that the crack/powder cocaine sentencing disparity violates the Equal Protection Clause, and this is still the law after *Kimbrough*" (citation omitted)); *United States v. Sanders*, 2009 WL 4024008, Westlaw op. at 1 (7th Cir. Nov. 23, 2009) (unpublished op.) ("Nothing in *Kimbrough* requires this court to invalidate sentences for crack offenses on equal protection grounds because similar offenses for powder cocaine would result in lesser sentences." (citation omitted)), *cert. denied*, __ U.S. __, __ S. Ct. __, 2010 WL 621407 (Mar. 22, 2010) (No. 09-9182).

As a result, the alleged disparity does not: (1) implicate a clearly established constitutional right under Supreme Court case law, or (2) involve an unreasonable factual finding based on the evidence presented in state court. In these circumstances, the federal district court should reject the habeas claim regardless of whether it is seen as a challenge to the legal or factual validity of the OCCA's conclusion. *See supra* pp. 2-4.

## V. THE PETITIONER'S SENTENCING CHALLENGE

Mr. Hawkins alleges that his mandatory sentence of life without parole violates the Oklahoma Constitution. The Petitioner states:

> Mandatory sentence of life without possibility of parole is cruel and unusual punishment in violation of Oklahoma Const. as applied in this case. Section 415 of Title 63, Oklahoma Statutes, provides a mandatory sentence of life without parole when a defendant is convicted of a second offense after one prior offense of trafficking. See Okla. Stat. tit. 63, § 2-415(D)(3) (Supp. 2004). This punishment is arbitrary, cruel, and prohibited by the Oklahoma Constitution as infliction of "cruel and unusual punishments." Okla. Const., Art. II, § 9 (emphasis added)
>
> Article II, Section 9 of the Oklahoma Const. provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

Petition at pp. 9-10. In this passage, Mr. Hawkins bases the claim exclusively on the state constitution. But violation of the Oklahoma Constitution would not justify federal habeas relief.[12]

---

[12] *See Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)." (citation omitted)).

Liberally construed, the petition could be read to include a claim based on the Eighth Amendment.[13] However, the claim would remain invalid under the Eighth Amendment.

Viewed as a constitutional challenge, the threshold issue would again be the existence of a clearly established constitutional right. *See supra* pp. 2-3. The Supreme Court has clearly established a "gross disproportionality principle" in Eighth Amendment challenges to the severity of a sentence.[14] Thus, the federal district court must determine whether the OCCA had acted reasonably in its consideration of the "gross disproportionality principle." *See supra* pp. 3-4. The reasonableness of the state court's decision depends in some part on the precision of the Supreme Court's rule.[15] Here the governing rule is imprecise, and even the Supreme Court has acknowledged the "lack of clarity" in the factors, contours, and precedents involving the determination of "gross proportionality." *Lockyer v. Andrade*, 538 U.S. 63, 73-74 & n.1 (2003).

The Supreme Court applied this murky body of precedent in *Harmelin v. Michigan*, 501 U.S. 957 (1991). There a plurality of the Supreme Court upheld a sentence of life

---

[13] *See Broadnax v. New Mexico*, 141 F.3d 1184, 1998 WL 166238, Westlaw op. at 1 & n.1 (10th Cir. Apr. 7, 1998) (unpublished op.) (interpreting a habeas claim to arise under the United States Constitution when the *pro se* petitioner had relied solely on the state constitution in the petition).

[14] Reviewing its jurisprudence under the Eighth Amendment, the Supreme Court stated that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

[15] *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." (citation omitted)).

imprisonment without parole for possession of 672 grams of cocaine. *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (plurality op.). The OCCA could reasonably have relied on this decision when confronting Mr. Hawkins' claim. Of course, the sentence upheld by the Supreme Court is identical to the one imposed here: life imprisonment without parole. *See supra* pp. 1, 14-15. Thus, the reasonableness of the OCCA's decision turns to some degree on the differences between the present case and the circumstances underlying the Supreme Court's decision.

Two key differences exist, which could lead the fact-finder to regard Mr. Hawkins' culpability as even greater than that of the petitioner in *Harmelin*.

Here the charge involves cocaine base rather than cocaine powder, which had been involved in the Supreme Court's decision. *See supra* pp. 1, 14-15. The difference would have given the OCCA ample reason to rely on *Harmelin* to uphold a life sentence.[16]

---

[16] In rejecting an Eighth Amendment challenge to a sentence involving cocaine base, the Tenth Circuit Court of Appeals noted the special dangers of crack cocaine:

> The gravity of the offenses of manufacturing and distributing crack is quite severe. No doubt thousands of lives have been ruined and even lost as a result of crack use and dependence. Harsher penalties for crimes involving crack regularly survive Eighth Amendment proportionality review.

*United States v. Angulo-Lopez*, 7 F.3d 1506, 1510 (10th Cir. 1993) (citations omitted), *superseded by regulation on other grounds*, United States Sentencing Guidelines App. C, Amend. 487 (Nov. 1, 1993), *as recognized in United States v. Kissick*, 69 F.3d 1048, 1053 (10th Cir. 1995). Congress has also viewed crack with greater alarm than cocaine powder. *See Kimbrough v. United States*, 552 U.S. 85, 95-96 (2007) (stating that in the Anti-Drug Abuse Act of 1986, "Congress apparently believed that crack was significantly more dangerous than powder cocaine").

In *Harmelin*, the crime also involved mere drug possession, while here the offense involves the more serious conduct of trafficking. *See supra* pp. 1, 14-15.[17] This difference could have led the OCCA to regard a life sentence without parole as constitutional in light of the *Harmelin* Court's decision to uphold the same penalty for a crime involving mere possession.

The OCCA could have reasonably decided to uphold Mr. Hawkins' life sentence without parole in light of the seriousness of trafficking in cocaine base, coupled with the Supreme Court's decision to uphold the constitutionality of a life sentence without parole for possession of cocaine powder.[18] As a result, the federal district court cannot regard the OCCA's decision as contrary to or an unreasonable application of Supreme Court precedent. *See supra* pp. 3-4.

---

[17] In 1963, the President's Advisory Commission on Narcotic and Drug Abuse proposed stringent measures to combat drug trafficking and rehabilitation for individuals that abuse drugs through their own consumption. *See* Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 1970 U.S.C.C.A.N. 4575. Congress followed this approach when it enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970. *See id.* at 4574-75, 4577; *United States v. Swiderski*, 548 F.2d 445, 449-50 (2d Cir. 1977). "Congress' reasoning in providing more severe penalties for commercial trafficking in and distribution of narcotics was that such conduct tends to have the dangerous, unwanted effect of drawing additional participants into the web of drug abuse." *United States v. Swiderski*, 548 F.2d at 450.

[18] *See Martin v. Jones*, Case No. CIV-06-87-C, slip op. at 27-28 (W.D. Okla. Aug. 29, 2008) (report and recommendation by magistrate judge, rejecting an Eighth Amendment challenge to an Oklahoma court's sentence of life imprisonment without parole for trafficking in 21.5 grams of cocaine base), *adopted* (W.D. Okla. Nov. 25, 2008) (order by district judge); *see also Ott v. Kaiser*, 17 Fed. Appx. 829, 830 (10th Cir. Aug. 15, 2001) (unpublished op.) (holding that a sentence of life imprisonment without parole, based on an Oklahoma conviction of drug trafficking, does not violate the Eighth Amendment).

VI.   ABSENCE OF A JURY INSTRUCTION ON INELIGIBILITY FOR CREDITS

Finally, Mr. Hawkins argues that the trial court erred in failing to instruct the jury that he would not be eligible for good-time credits:

> Such an instruction was necessary to counteract a general public atmosphere and sentiment that juries must assess a larger number of years of punishment to avoid early paroles, probations, suspended and split sentences. The proposed instruction would properly inform the jury as to the nature of a sentence for conviction of trafficking.

Petition at p. 13; Petitioner's Reply at pp. 3-4.

The OCCA rejected the claim, stating that the jury could not have inflated the sentence because the penalty was mandatory. OCCA Opinion on Direct Appeal at p. 4. This determination was reasonable.

The threshold issue is the existence of a clearly established constitutional requirement under Supreme Court precedents. *See supra* pp. 2-3. The United States Supreme Court has never held that the federal constitution requires a judge to instruct the jury in a non-capital case about the defendant's ineligibility for accumulation of credits.[19]

Arguably, the Supreme Court's recognition of a right to "fundamental fairness" in jury instructions might pass as a "clearly established" constitutional right.[20] In light of the

---

[19] *Cf. Gardner v. Jones*, 315 Fed. Appx. 87, 91 (10th Cir. Feb. 27, 2009) (unpublished op.) ("The United States Supreme Court has not held that the Constitution requires the jury to be informed of a defendant's parole eligibility in a non-capital case."); *Taylor v. Parker*, 276 Fed. Appx. 772, 775-76 (10th Cir. Apr. 29, 2008) (unpublished op.) (substantially similar quotation).

[20] *See Estelle v. McGuire*, 502 U.S. 62, 72-73, 75 (1991) (discussing a habeas claim, involving the correctness of a jury instruction, under the general due process standard of fundamental fairness).

17

generality of the Supreme Court's standard,[21] however, the federal district court would need to give considerable "leeway" to the state courts in their determination of what is fundamentally fair.[22] With this "leeway," the OCCA's decision should easily withstand scrutiny under the overarching standard of reasonableness.

Mr. Hawkins argues that without the requested instruction, the jury might have inflated the sentence to prevent early release through good-time credits. *See supra* p. 17. But the jury could not increase the sentence because it had no discretion in the matter. Once the jury found Mr. Hawkins guilty of drug trafficking with two prior drug convictions, the only permissible sentence was life imprisonment without the possibility of parole. *See* Okla. Stat. tit. 63 § 2-415(D)(3) (2004 supp.). As a result, the sentence could not have been affected by the absence of an instruction on the unavailability of credits. In these circumstances, the federal district court should reject the habeas claim.

---

[21] *See Alberni v. McDaniel*, 458 F.3d 860, 875 (9th Cir. 2006) (McKeown, J., concurring in part & dissenting in part) (stating that the standard of "fundamental fairness," "for the purposes of AEDPA's clearly established federal law requirement, is barely one step removed from the Constitution's recitation of due process itself").

[22] *See Nicklasson v. Roper*, 491 F.3d 830, 836 (8th Cir. 2007) (noting that "a wide range of latitude" is appropriate for the state courts, under the AEDPA, in light of the "indeterminate" nature of a "rule of decision" hinging on "the 'essential demands of fairness'" (citation omitted)); *see also supra* p. 14 & note 15.

## VII. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

For the reasons discussed above, the federal district court should defer to the OCCA"s legal and factual conclusions and reject Mr. Hawkins' request for habeas relief.

The Petitioner can object to this report and recommendation. To do so, Mr. Hawkins must file an objection with the Court Clerk for the Western District of Oklahoma. The deadline for objections is April 19, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[23]

## VIII. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 31st day of March, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[23]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").